UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTONIO T. MARTIN,

    Petitioner,

v.                                        Case No. 4:23cv136-WS-HTC

WALTER MCNEIL,

    Respondent.
_____/

ORDER AND REPORT AND RECOMMENDATION

Petitioner Antonio T. Martin, a pretrial detainee at Leon County Detention Center proceeding *pro se*, filed a motion to proceed *in forma pauperis*, ECF Doc. 5, and an amended petition under 28 U.S.C. § 2241, ECF Doc. 4, which was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon review, the motion to proceed *in forma pauperis* is GRANTED, but the undersigned respectfully recommends the petition be dismissed under Rule 4 of the Rules Governing § 2254 Cases because this Court should abstain under *Younger*[1] from interfering in Martin's pending state criminal case.

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

## I. BACKGROUND

Petitioner challenges his pretrial detention in Leon County Circuit Court criminal case number 2021CF2412, arguing he is being held pursuant to an "unsigned arrest affidavit and unverified criminal charges." ECF Doc. 4 at 4. The state court records in that case, available online,[2] show that Petitioner, a convicted felon, was arrested on September 9, 2021, after he failed to stop for a traffic violation, and police found drugs and a gun in the car. The space on the arrest affidavit for the affiant to sign was left blank by the arresting officer, Geoffrey Kealin, but another officer, "C. Hayes 543" certified that the affidavit was "Sworn to and subscribed before me this Thursday of September 9th, 2021." The next day, a state judge found probable cause and imposed bond. Martin was released on bond on September 24, 2021, but violated the terms of release several times, and, on August 31, 2022, was re-arrested and, this time, his motion for release on bond was denied.

On January 10, 2023, Martin's counsel filed a motion for immediate release raising the identical argument Martin raises here -- that the detention is unconstitutional because the probable cause finding was based on the unsworn allegations in the unsigned arrest affidavit. The circuit court denied the motion in

---

[2] Available via search at https://cvweb.clerk.leon.fl.us.  A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2).

Case No. 4:23cv136-WS-HTC

open court on January 18, 2023, after extensive argument by defense counsel and the prosecutor. The circuit court addressed the argument again on January 19, with counsel *as well as* with Martin.

In addition to that counseled motion, Martin filed several *pro se* motions and petitions. A review of the First DCA's dockets shows that Martin filed a habeas corpus action on November 15, 2022 (1D22-3653) which was dismissed on March 22, 2023 as unauthorized because he filed it *pro se* while represented by counsel. Martin filed a second habeas petition with the First DCA on February 24, 2023 (1D23-0465) which was denied *per curiam* without a written explanation on April 14, 2023.

Martin also filed a petition for habeas corpus to the Florida Supreme Court on January 9, 2023 (SC23-0046), but the Court remanded the petition to the circuit court on January 24, 2023 "for consideration as a request to discharge counsel." Martin moved for rehearing in the Florida Supreme Court, arguing the petition was a challenge his detention and not a request to discharge counsel. The Florida Supreme Court denied rehearing on March 27, 2023, without explanation. In the meantime, the habeas petition that started SC23-0046 was docketed in the state circuit court on January 24, 2023, but no order formally granting or denying it has been entered on the state court docket in 2021CF2412.

On April 2, 2023, Petitioner filed his original federal § 2254 petition, ECF Doc. 1, and, on review, this Court issued an order informing Petitioner that, because he was not in custody pursuant to a final judgment of conviction, his petition must be under 28 U.S.C. § 2241, not § 2254, and also that his claim is likely barred by *Younger*. ECF Doc. 3. On April 18, 2023, Petitioner filed an amended petition pursuant to § 2241, asserting the same claim as was in the original petition.

## II.   LEGAL STANDARD

Under Rules Governing § 2254 Cases,[3] the Court must promptly examine a habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing Habeas Cases, Rule 4. If the petition is not dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id*.

## III.   DISCUSSION

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should not enjoin or interfere with a pending state criminal proceeding unless an injunction is necessary to prevent immediate irreparable injury. *Id.* at 53-54. As

---

[3] These Rules apply to petitions under 28 U.S.C. § 2241. *See* Rules Governing Habeas Cases, Rule 1(b); N.D. Fla. Loc. R. 5.7(C).

the Supreme Court stated: "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45. The Supreme Court's *Younger* decision was based on a strong federal policy against federal-court interference with pending state judicial proceedings. *Id.* at 44 ("[T]he National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."). Thus, when a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the *Younger* abstention hurdles before the federal courts can grant such relief. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004).

To determine whether *Younger* applies, a court looks at the following factors developed in *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423 (1982): (1) the federal action would interfere with ongoing state judicial proceedings; (2) the state proceedings implicate important state interests; (3) the underlying state proceedings afford litigants an adequate opportunity to raise federal claims; and (4) there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *Id.* at 432.

Applying those factors here, the undersigned finds this Court should abstain from exercising jurisdiction over the petition. First, since Petitioner is requesting pretrial release which the state court has already denied, it is clear that if the Court were to intercede, it would be interfering with an ongoing state judicial proceeding.

Case No. 4:23cv136-WS-HTC

In essence, this Court would be reversing the State court's decision denying Martin's multiple motions for pretrial release as well as the State court's decision denying bond.

Second, the state proceedings implicate important state interests because state governments have an important interest in prosecuting alleged crimes, protecting public safety, and punishing criminal offenders. *Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486, 2501-02 (2022); *Calderon v. Thompson*, 523 U.S. 538, 556 (1998). "It goes without saying that preventing and dealing with crime is much more the business of the States than it is of the Federal Government." *Patterson v. New York*, 432 U.S. 197, 201 (1977).

Third, Martin does not lack an adequate state forum in which to raise his claims. "An adequate opportunity to raise constitutional challenges exists so long as state procedural law does not bar the party from raising the constitutional claim." *Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014); *see Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988). Here, an adequate opportunity clearly exists as Petitioner has had the opportunity to raise the issue before the State court both at the trial and appellate level. Indeed, based on the State court docket it appears his state habeas petition remains pending.

Finally, there is no evidence of bad faith, harassment, or any other extraordinary circumstance that would make abstention inappropriate. Even if it is

Martin's position that the affidavit contained false information or was somehow rendered false because it was sworn to by an officer other than the arresting officer, that, alone, does not show there was bad faith, harassment or some other "extraordinary" circumstance that would warrant this Court's intervention in the pending State proceedings. It is clear from the hearings held on January 18 and 19 that the State court considered Martin's and his counsel's argument. The fact that the court simply did not agree with their arguments does not show bad faith.

Habeas-corpus proceedings under section 2241 are not intended to serve "as a substitute for the functions of the trial court." *Henry v. Henkel*, 235 U.S. 219, 229 (1914). The *Younger* abstention doctrine clearly applies here and, thus, the undersigned recommends the Court dismiss the petition and abstain from exercising jurisdiction given Martin's pending criminal action.

## IV. CONCLUSION

Accordingly, it is ORDERED:

1. Petitioner's motion to proceed *in forma pauperis*, ECF Doc. 5, is GRANTED, and Petitioner will not be required to pay a filing fee.

Additionally, it is respectfully RECOMMENDED that:

1. The amended petition under 28 U.S.C. § 2241, ECF Doc. 4, be dismissed.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 28th day of April, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:23cv136-WS-HTC